## 27218.   PETERMAN v. CALDWELL.

HAWES, Justice. Appellant was remanded to the custody of the warden after a hearing on his writ of habeas corpus. He appeals. The only contention which he made in the trial court was that he was mentally incompetent at the time he entered pleas of "guilty" to a multi-count indictment charging him with murder and robbery. Appellant supported his contentions with evidence. The State relied upon the the testimony of the court-appointed attorneys who represented appellant when he pled guilty. Their testimony was clearly sufficient to authorize the court to find that the appellant knew and fully understood the import of his action in pleading guilty; that he freely and voluntarily elected to plead guilty and was not laboring under any mental disability at the time. The record shows that a mistrial had been declared when the appellant was previously tried on the same charges; that the court-appointed attorneys vigorously defended him on that trial, and that when he thereafter elected to plead guilty they were then concerned enough to carefully sat-

isfy themselves that in entering the plea the appellant did so voluntarily and knowingly. Appellant makes no contention that he was not adequately represented by counsel when he entered his pleas of guilty. The habeas corpus judge is the trior of the facts, and his findings being supported by evidence will not be disturbed. *Johnson v. Smith*, 225 Ga. 519 (3) (169 SE2d 812).

*Judgment affirmed. All the Justices concur.*
SUBMITTED MAY 8, 1972—DECIDED SEPTEMBER 7, 1972.

Michael N. Peterman, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.