## 29107. THORNTON v. AULT.

SUBMITTED AUGUST 16, 1974 — DECIDED OCTOBER 25, 1974 — REHEARING DENIED NOVEMBER 6, 1974.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.

GRICE, Chief Justice.

Vincent X. Thornton appeals from the denial of his petition for habeas corpus in the Superior Court of Butts County upon the ground that it was error to remand him to the custody of the respondent warden in the face of uncontradicted evidence that his appointed counsel at his criminal trial for armed robbery failed to advise him of his appellate rights as an indigent, and that he was otherwise unaware of them.

Upon the habeas corpus hearing the appellant testified that his attorney did not tell him that he had the right to appeal, and that he did not "know anything about appeal."

A deposition of the attorney was read into evidence stating in essence that he was appointed to represent the appellant after he was indicted; that he had no discussion with the appellant with regard to an appeal as he was of the opinion that it would be an exercise in futility; and that the appellant made no request to appeal his case.

In our view, under these facts the appellant was denied his rights under the sixth amendment of the Constitution of this State and of the United States.

It is abundantly clear that indigents must be furnished counsel at every critical stage of criminal proceedings, including the first appeal, under the sixth and fourteenth amendments. Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR 733); Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811).

In confronting the issue of whether a convicted defendant has been deprived of his right to appeal in violation of these constitutional amendments, the Fifth Circuit Court of Appeals has taken two approaches, depending upon whether his attorney was court appointed or whether he was privately retained.

This was succinctly explained by Judge Morgan in Gregory v. United States, 446 F2d 498, 499 (5th Cir.

1971): "If the trial attorney was retained it must be known to the court or some other responsible state official that the defendant was indigent and that he desired to appeal. Beto v. Martin, 5 Cir., 1968, 396 F2d 432. However, when the defendant is represented by court appointed counsel a different standard applies, Goforth v. Dutton [409 F2d 651 (5th Cir. 1969)], and the focus of the inquiry is not on what the defendant made known to the state, but on what the state, acting through court-appointed counsel revealed to the defendant. Accordingly, we have held that representation is inadequate and the right of appeal is denied where appointed counsel fails to fully inform the client of his appellate rights. Byrd v. Smith, 5 Cir., 1969, 407 F2d 363. In like manner, the right to appeal is violated when the appointed lawyer deliberately foregoes the direct appeal without first obtaining his client's consent . . ." Cf. *Roberts v. Caldwell,* 230 Ga. 223 (196 SE2d 444); *Graddy v. Hopper,* 233 Ga. 65.

In our view these distinctions are valid, particularly when considered in conjunction with the guidelines set forth in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), wherein the United States Supreme Court required that when an appointed counsel considers a criminal appeal to be frivolous, he must notify the appellate court and request permission to withdraw, and the court must then examine the case to determine whether it is frivolous.

Therefore, since the evidence presented at the habeas corpus hearing showed that the appellant was not fully informed of his appellate rights, and that his direct appeal was foregone by his attorney without his consent, the judgment of the habeas corpus court must be reversed and remanded with direction that the convicting court enter an order providing for the appointment of counsel for an appeal from the original conviction to be filed and prosecuted at this time.

*Judgment reversed with direction. All the Justices concur.*