## 29760. HOPKINS v. HOPPER.

NICHOLS, Chief Justice.

This appeal is taken from an order denying habeas corpus relief. Petitioner is presently confined pursuant to a life sentence imposed upon a murder conviction rendered March 3, 1966, in the Superior Court of Sumter County. The allegations of the habeas petition raised issues pertaining to systematic exclusion of Negroes from Sumter County grand and traverse juries, ineffective assistance of counsel at trial, a coerced unsworn statement, pronouncement of the sentence not in petitioner's presence, the constitutionality of a life sentence, denial of a motion for change of venue, and denial of petitioner's right to appeal his conviction. After a hearing, the habeas court found against appellant on each issue raised and entered an order denying relief. This appeal concerns only the issues relating to the denial of petitioner's motion for change of venue in the convicting court, the denial of his right to appeal the conviction, and the denial of his right to counsel in the habeas proceedings.

1. "The petitioner is not entitled as a matter of right to appointed counsel in a state habeas corpus proceeding. *Griffin v. Smith,* 228 Ga. 177 (3) (184 SE2d 459)." *Chatman v. Caldwell,* 229 Ga. 337 (2) (191 SE2d 63). See also *Grace v. Caldwell,* 231 Ga. 407 (3) (202 SE2d 49); *Sims v. Caldwell,* 231 Ga. 377 (1) (202 SE2d 70).

2. Petitioner alleged the existence of considerable publicity and racial hostility in Sumter County at the time of his trial. He contends that the trial court's denial of his motion for change of venue deprived him of his constitutional right to due process.

Pretermitting the question of whether this issue is cognizable in habeas corpus proceedings, the evidence fails to sustain petitioner's contention. The transcript of the trial court's hearing on the motion for change of venue was included in the habeas record. However, neither in the trial court nor in the habeas proceedings was any effort made to show, under Ga. L. 1972, pp. 536-537 (Code Ann. § 27-1201), that an impartial jury could not be obtained in Sumter County. There was no evidence to show that any juror "had formed such a fixed and unchangeable opinion as to the guilt or innocence of the defendant as would yield readily to the testimony." *Thacker v. State,* 226 Ga. 170, 174 (173 SE2d 186). See also *McCrary v. State,* 229 Ga. 733 (1) (194 SE2d 480); *Dutton v. State,* 228 Ga. 850 (2) (188 SE2d 794). It cannot be said, therefore, that the trial court abused its discretion in denying the motion for change of venue. Accordingly, the finding of the habeas court will not be disturbed.

3. Petitioner contends that he was denied his right to effective assistance of counsel by virtue of his retained counsel's failure to pursue an appeal. He testified at the habeas hearing that he told counsel to pursue an appeal and that counsel informed him that he would do so. The habeas record shows that in June, 1966, while petitioner's motion for new trial was pending, counsel sent him a letter relating to his mother's failure to make payments on the attorney fees and which stated that "[u]nless you are able to encourage her to make some effort at regularly paying this money, it may require that I withdraw from your case as your attorney." On August 23, 1966, the trial court issued an order which recited that counsel "having moved to dismiss the motion for new trial and that he abandon his appeal in said case; it is hereby ordered that said motion for a new trial is hereby dismissed and motion to dismiss is granted." Petitioner testified that no one informed him that counsel would need more money in order to handle the appeal and that if counsel had told him that he would not take the appeal, he would have tried to obtain other counsel. Counsel testified by way of deposition that an examination of the case file suggested that the reason he asked for dismissal of the motion for new trial was that petitioner's mother had failed to make

any of the agreed payments. He interpreted the above-quoted recital in the trial court's order as a "determination by me to withdraw as attorney in this matter."

It is settled that an indigent must be furnished counsel at every critical stage of criminal proceedings, including appeal. *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683). Where a defendant is represented by appointed counsel, he is denied his right to appeal if appointed counsel fails to fully inform him of his appellate rights. *Thornton v. Ault,* supra. The *Thornton* decision recognized, however, that where a defendant is represented by retained counsel at trial, it must be made known to the trial court or some responsible state official that the defendant is indigent and cannot afford retained counsel to pursue an appeal. If the trial court has no reason to believe that the defendant is indigent and cannot afford the services of retained counsel for the purpose of appeal, it is under no duty to inquire as to the defendant's indigency and may presume that his retained counsel will protect his appellate rights. See Pate v. Holman, 341 F2d 764 (5th Cir.); Baggett v. Wainwright, 235 S2d 486 (Fla.). There is nothing in the record, though, to show that petitioner was indigent at the time of his conviction or that he took any steps to make known to the trial court or some responsible state official that he could not afford retained counsel for the purpose of appeal.

However, the substance of petitioner's assertions is that it was the ineffectiveness of his trial counsel that precluded his taking the appropriate steps to pursue an appeal. His testimony at the habeas hearing was to the effect that counsel lulled him into a belief that nothing more on his part would be required in order to take the appeal and that there would therefore be no need for him to communicate to the trial court the fact of his indigency and desire to appeal. If petitioner's version of the events is correct, it would require a holding that he was deprived of his right to effective assistance of counsel at a critical stage of the criminal proceedings even though counsel was retained. Counsel may not withdraw from a case at a critical stage because of facts known and not acted upon at a non-critical stage of such proceedings. *Smith v. State,*

215 Ga. 362 (110 SE2d 635). See also Blanchard v. Brewer, 429 F2d 89 (8th Cir.) cert. denied 401 U. S. 1002 (91 SC 1245); Atilus v. United States, 406 F2d 694 (5th Cir.); United States v. Reincke, 383 F2d 129 (2d Cir.); Shipman v. Gladden, 253 Ore. 192 (453 P2d 921). It is arguable, however, that his assertions in this regard are rebutted by the June, 1966 letter from counsel to petitioner and by that portion of the trial court's order reciting that "he abandon his appeal in said case." The record shows that his trial counsel prepared the order but does not indicate that it was prepared at petitioner's direction or that petitioner had knowledge of it. The habeas court made no finding as to whether petitioner was ever made aware that his retained counsel had withdrawn from the case and had decided to abandon the appeal. Accordingly, the case must be remanded to the habeas court for a finding on this issue in order to determine whether petitioner is entitled to an out-of-time appeal.

*Judgment reversed with direction. All the Justices concur, except Gunter and Ingram, JJ., who dissent as to Division 1.*

SUBMITTED MARCH 14, 1975 — DECIDED APRIL 22, 1975.

Charles Lee Hopkins, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.