## 29813. KREPS v. GRAY.

JORDAN, Justice.

Warden D. C. Kreps appeals from an adverse judgment on a petition for a writ of habeas corpus, filed by appellee Gray, in DeKalb Superior Court.

On April 5, 1974, after pleading guilty to a charge of aggravated assault, Gray was sentenced to three years imprisonment. The sentence was probated on condition that Gray not violate the criminal laws of any

governmental unit.

On April 29, 1974, it was alleged that Gray had violated the law by pulling a knife on his wife while she was awaiting a hearing in court, and forcing her to leave with him. Gray was subsequently ordered to show cause why his probation should not be revoked.

At a hearing on May 2, 1974, Gray's probation was revoked, and he was sent to the DeKalb County correctional authorities.

Gray then filed a petition for habeas corpus relief in the DeKalb Superior Court. At the habeas hearing Gray alleged that there had been insufficient evidence to support the revocation and testified that he had not been informed of his right to appeal from that judgment.

On January 17, 1975, the habeas judge, after conducting a full evidentiary hearing, found that the revocation was not supported by the evidence. Pursuant to its findings, the habeas court ordered that Gray be released from custody and remanded to the probation authorities of Carroll County. Gray made bail pending appeal and Warden Kreps, through the Attorney General's office, appealed to this court.

Appellant contends on appeal that the habeas court erred by inquiring into the sufficiency of the evidence presented at the hearing on revocation of probation and further that if this was not error the habeas court had used an improper standard to judge said evidence. We agree with appellant's first contention and reverse the judgment of the habeas court. A review of the sufficiency of the evidence, using any standard, is not the proper function of a habeas corpus court. *Nelson v. Smith,* 228 Ga. 117 (184 SE2d 150); *Coleman v. Caldwell,* 229 Ga. 656 (193 SE2d 846).

After determining that the habeas court erred in reviewing the sufficiency of the evidence, we are left with appellee's contention that he was not informed of his right to appeal the probation revocation. The appellant contends that since appellee had *retained* counsel at the probation revocation hearing the burden was on appellee to inform some officer of the court that he was indigent and that he desired to appeal the judgment, relying on *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683). This

reliance is misplaced. In *Thornton,* supra, appellant's counsel was appointed.

The right to appeal an adverse judgment is indeed a hollow one if the one to whom the right accrues is not informed of its existence. A failure to inform a defendant of his right to appeal would constitute ineffective assistance of counsel and whether said counsel was appointed or retained should make no difference with regard to this basic right. *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d 141).

We therefore reverse the judgment of the habeas court dealing with the sufficiency of the evidence to support the probation revocation, and remand the case for a determination as to whether Gray knew of his right to appeal. If it is found that he did not have such knowledge the habeas court is directed to authorize Gray an out of time appeal on the revocation proceeding.

*Judgment reversed and remanded with direction. All the Justices concur, except Nichols, C. J., Gunter and Hill, JJ., who concur specially, and Undercofler, P. J., Ingram and Hall, JJ., who dissent.*

ARGUED APRIL 15, 1975 — DECIDED JUNE 20, 1975 — REHEARING DENIED JULY 10, 1975.

*Arthur K. Bolton, Attorney General, Lois F. Oakley, Deputy Assistant Attorney General,* for appellant.

*Grubbs, Platt & Kearns, J. M. Grubbs, Jr., Adele Platt,* for appellee.

NICHOLS, Chief Justice, concurring specially.

The decision of this court in *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683) involved an appointed counsel who had failed to advise the prisoner of his right of appeal. Such fact was undisputed and this court held: "Since the evidence presented at the habeas corpus hearing showed that the appellant was not fully informed of his appellate rights, and that his direct appeal was foregone by his attorney without his consent, the judgment of the habeas corpus court must be reversed and remanded with direction that the convicting court enter an order

providing for the appointment of counsel for an appeal from the original conviction to be filed and prosecuted at this time."

In *Hopkins v. Hopper,* 234 Ga. 236 (215 SE2d 241), the case was remanded because "The habeas [corpus] court made no finding as to whether petitioner was ever made aware that his retained counsel had withdrawn from the case and had decided to abandon the appeal."

These cases recognize that an attorney, whether appointed or retained, may not make the decision for the client that no appeal will be taken. They also recognize that where retained counsel represents the prisoner in the trial of the case that there has been no responsibility on the trial court to inform a prisoner of his right of appeal since the court could assume that retained counsel would properly protect his appellate rights.

While the decision in this case now places the burden on the trial court to insure that a defendant is informed of his right of appeal, this does not really change the law as set forth in *Hopkins v. Hopper,* supra, inasmuch as the effect of such decision would be to grant the prisoner an out-of-time appeal if the decision to abandon the former appeal was made without his knowledge.

The net effect of this decision is to require that the record in the convicting court show that the defendant has been advised of his right of appeal so as to preclude confusion at later habeas corpus hearings, the same as the decision of the United States Supreme Court in Boykin v. Alabama, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274) (1969) does as to guilty pleas. I would not vote to apply this decision retroactively but in the future would require that the record in the convicting court show that the defendant was properly advised of his right of appeal either by his attorney or by the court. Obviously, this could be more easily shown if the trial court so informed the convicted prisoner just as under the former law a prisoner was advised of the penalties of attempting to escape.

I am authorized to state that Justice Gunter and Justice Hill concur in this special concurrence.

INGRAM, Justice, dissenting.

I agree with the first unnumbered division of the

majority opinion holding that a review of the sufficiency of the evidence, heard in the original trial court, is not a proper function of a habeas corpus court. However, I cannot agree with the majority's departure from the rationale of *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683). While it is true that in *Thornton* we were dealing with the duty of appointed counsel to advise his client of the right to appeal, it is made crystal clear in the opinion that a different standard would be applied in the case of retained counsel. "If the trial attorney was retained it must be known to the court or some other responsible state official that the defendant was indigent and that he desired to appeal. Beto v. Martin, 5 Cir., 1968, 396 F2d 432." *Thornton v. Ault,* supra, p. 174. The focus of the inquiry under these circumstances is on what the defendant made known to the state, not on what the state made known to the defendant concerning appeal. See, also, *Hopkins v. Hopper,* 234 Ga. 236 (215 SE2d 241). This continues to be the view of the 5th Circuit Court of Appeals. See Daniels v. State of Alabama, 487 F2d 887 (5th Cir., 1973), and Collier v. Estelle, 488 F2d 929, 931 (5th Cir., 1974).

This court applies both state and federal law in habeas corpus cases. In my view, it promotes instability in the law for this court to take a more liberal view than the 5th Circuit on the federal aspects of this subject. *Thornton v. Ault* was decided by this court, with all Justices concurring, less than a year ago. The majority now disapprove the reasoning in that case without citing any controlling authority for doing so. I dissent as I find no persuasive basis for the majority's opinion.

I am authorized to state that Presiding Justice Undercofler and Justice Hall concur in this dissent.