## 30140. HENRY v. HOPPER.

INGRAM, Justice.

This is an appeal in a habeas corpus case from the Superior Court of Tattnall County. It is a one-issue case, but the issue reaches the core of an important aspect of the criminal justice system. The question posed is whether appellant, through no fault of his own, was denied the effective assistance of counsel following his trial, which resulted in his failure to file a timely appeal from his convictions for murder and armed robbery.

Appellant is a prisoner at the Georgia State Prison in Reidsville by virtue of a life imprisonment sentence for the crime of murder and a sentence of six years imprisonment for the criminal offense of armed robbery imposed in Fulton Superior Court. Through counsel from the Prisoner Legal Counseling Project of the University of Georgia School of Law, appellant filed a petition in forma pauperis seeking habeas corpus relief. Specifically, appellant seeks an out of time appeal and appointment of counsel to pursue it for him as he failed to file a timely notice of appeal because he contends he was denied effective assistance of counsel when his retained trial lawyer did not file an appeal in appellant's behalf. The trial court conducted an evidentiary hearing on the habeas petition and subsequently denied the relief sought by appellant.

The habeas corpus trial court entered a comprehensive order incorporating therein a full statement of the facts found by the trial court and the conclusions of law reached by the court in the case. The pertinent provisions of this order, with some addendum, are as follows:

"The facts indicate that . . . , an attorney, was retained by petitioner's brother, Mr. Nathaniel Henry of Atlanta, Georgia, to represent petitioner.

"It appears that following petitioner's trial and conviction, [the lawyer] informed petitioner of his appellate rights and that he would not be able to continue his representation of the petitioner on an appeal. [The trial court also fully informed petitioner of his right of appeal.] The petitioner told [the lawyer] that he preferred to

have retained counsel for an appeal rather than a court appointed counsel.

"This court finds that the petitioner at all times understood that [the lawyer] would not be able to represent him on appeal and that petitioner informed [the lawyer] that his family and friends were attempting to obtain the services of another lawyer for the purpose of filing an appeal on the petitioner's behalf.

"It appears that [the lawyer] filed a timely motion for a new trial in order to keep petitioner's appellate chances alive until the trial court could rule on the motion for a new trial or such time as the petitioner could obtain the services of another attorney, whichever came first.

"Additionally, [the lawyer] had the petitioner sign a pauper's affidavit which would be used only if the petitioner contacted [the lawyer] to advise him that he was unable to obtain another lawyer. It appears that petitioner and [his lawyer] understood that the pauper's affidavit would only be filed with the court after the petitioner had notified [the lawyer] that he was unable to retain the services of another attorney.

"The evidence indicates that both petitioner and [the lawyer] were in contact with each other on several occasions following petitioner's trial and conviction. [Petitioner was advised that the trial court overruled his motion for new trial but no notice of appeal was ever filed.]

"Conclusions of Law

"In a habeas corpus case, the judge is the trier of the facts, and may determine which testimony of which witnesses are to be credited. *Anglin v. Caldwell,* 227 Ga. 584 (1971). In this case, the petitioner's counsel had obtained a pauper's affidavit for filing with the trial court should the petitioner inform him that he was unable to obtain the services of another counsel to represent him in an appeal of his conviction. Accordingly, the responsibility of notifying . . . petitioner's trial defense counsel, as to whether or not it would be necessary for him to file that pauper's affidavit, rested entirely with the petitioner for it was the petitioner's primary desire to obtain his own counsel for an appeal rather than to use a court appointed counsel.

"This court concludes that petitioner having failed to

notify [his lawyer] that it would be necessary for him to file this pauper's affidavit, the petitioner now has no one but himself to blame for not having an appeal filed. See *McClure v. Hopper,* No. 29497 (decided March 17, 1975); *Krist v. Caldwell,* 230 Ga. 536 (5) (1973)."

The evidence considered by the habeas trial court authorizes the factual determinations set out above and we find nò error in the conclusions of law reached by that court. See also Fitzgerald v. Estelle, 505 F2d 1334 (cert. denied, Case No. 74-6419, June 18, 1975); and Kallie v. Estelle, (5th Cir.) No. 73-1643, decided July 3, 1975.

Appellant slept on his right to appeal and the time fixed by statute to perfect it expired because of his own inanition rather than through any negligence on the part of his retained counsel. On these facts, appellant will not be heard to complain that he lost the right to appeal from his criminal convictions because he was denied effective assistance of counsel. Cf. *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d 141).

The able and articulate counsel representing appellant suggests in a supplemental brief that the law should favor a plenary appellate review of these convictions. There is an automatic appellate review provided by statute in death sentence cases but not otherwise, and our duty compels an aversion to an avuncular attitude inconsistent with the law which must be enforced as written. The judgment of the trial court will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 8, 1975 — DECIDED SEPTEMBER 16, 1975.

*James C. Bonner, Jr.,* for appellant.