## 31445. BELL v. HOPPER.

JORDAN, Justice.

Appellant was tried by a jury and convicted of armed robbery on May 28, 1975. He filed a petition for habeas corpus relief in the Superior Court of Tattnall County, alleging that he was denied his right to appeal by reason of ineffective assistance of his retained counsel. His request for permission to file an out-of-time appeal was denied and, after obtaining a certificate of probable cause from this court, he brings this appeal.

The habeas corpus court found as a fact that appellant knew of his right to appeal and after noting that the evidence was conflicting as to whether the appellant requested his retained counsel to appeal, found that no such request was made.

The transcript of the hearing reveals that appellant's attorney testified that in informing appellant of his right to appeal, he told appellant that if he wished to appeal he "would have to get up some money" for his fee and to pay for the transcript. Nowhere is there any indication that his retained counsel advised appellant that if he could not afford a lawyer, he had the right to have counsel appointed and the right to a free transcript. Under these circumstances it cannot be said that appellant was fully advised of his right to appeal.

We have held that the failure of *retained* counsel to advise a defendant of his right to appeal amounted to

ineffective assistance of counsel. *Kreps v. Gray,* 234 Ga. 745 (218 SE2d 1) (1975). Here the failure was to *fully* advise the defendant of his rights regarding appeal, i.e., his right, as an indigent to have appointed counsel for his appeal.

There was no determination made, in the habeas court, of whether appellant was, at the time of his conviction, an indigent person and could, therefore, have qualified for appointed counsel. Furthermore, it would be unnecessary for an attorney to advise his client regarding rights of which the client has been fully apprised by the court. There was no evidence of whether the convicting court advised appellant of his right to appointed counsel.

We therefore remand the case for a determination of whether the convicting court advised appellant fully of his rights regarding appeal and of whether appellant was at the time of his conviction an indigent person who could qualify for appointed counsel. In the event that the court finds the answer to the first question is no, and the answer to the second question is yes, then the court is directed to authorize appellant an out-of-time appeal.

*Judgment reversed and remanded, with direction. All the Justices concur.*

SUBMITTED AUGUST 20, 1976 — DECIDED OCTOBER 26, 1976.

*William D. Smith,* for appellant.
Arthur Lamar Bell, *pro se.*
*Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.