33414. LEGGETT v. THE STATE.

UNDERCOFLER, Presiding Justice.
The sole question presented by this case is whether counsel rendered ineffective assistance during Leggett's murder trial. The jury convicted Leggett and he was sentenced to life imprisonment. His retained attorney

sought a discharge, and a new attorney was appointed by the trial court to pursue Leggett's motion for new trial and appeal. In the motion, Leggett raised the ineffective assistance of counsel issue and supported his claim by an affidavit from his former attorney stating that he was a new and inexperienced member of the bar, that this was his first capital felony case, and that he was ineffective in failing to request a voluntary manslaughter charge. Leggett contends additionally that the attorney was ineffective in not interviewing the only eyewitness. The trial court denied the motion. We affirm.

"The constitutional right to the assistance of counsel does not guarantee errorless counsel, nor counsel judged ineffective by hindsight." *Jones v. State,* 232 Ga. 771 (208 SE2d 825) (1974). Accord, *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974); MacKenna v. Ellis, 280 F2d 592 (5th Cir. 1960). We can not say that Leggett's counsel's lack of experience rendered him ineffective. The defendant practically admitted the killing on the stand. The state: "You don't deny . . . that you fired the gun and she was shot?" Leggett: "Like I said, firing the gun, I don't know how it happened. I know that I didn't go over there to shoot her. The gun shot, but I didn't go over there to do it . . ." And elsewhere, Q: "And you fired it?" A: "I don't know, sir. I had the gun. I don't know whether I did it or not." We have said many times that the effectiveness of counsel cannot be measured by the outcome of the trial, but by reasonableness of the services rendered at the time. E.g., *Brown v. Ricketts,* 233 Ga. 809 (213 SE2d 672) (1975); *Pitts v. Glass,* supra. This attorney filed a pre-trial discovery motion and managed to secure Leggett's release on bail pending the trial; at trial, he cross examined the state's witnesses, made objections, and polled the jury. We can not say in the face of this record and transcript that counsel was not reasonably effective. *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977); *Fortson v. State,* 240 Ga. 5 (239 SE2d 335) (1977); *Reid v. State,* 235 Ga. 378 (219 SE2d 740) (1975).

It is also apparent from the transcript that the attorney attempted several times to interview the state's main witness, but that she refused to speak with him. Therefore, he was not ineffective on this ground.

We find that the case was correctly presented to the jury by the trial court's charge. The defendant admitted the shooting of his girl friend and stated that he and the victim were not quarreling or fighting. He relied on accident — that the gun went off as he handed it to the victim — as a defense. An eyewitness generally corroborated the defendant's story other than to state that Leggett suddenly grabbed the victim by the hair and shot her twice in the head. Leggett then went to his mother's house and called the police to surrender voluntarily. The victim died a week later. Since it is clear that the evidence would not support a voluntary manslaughter verdict, Leggett's counsel was not ineffective in failing to request such a charge.

*Judgment affirmed. All the Justices concur, except Hill and Bowles, JJ., who concur specially.*

SUBMITTED MARCH 24, 1978 — DECIDED APRIL 18, 1978.

*Douglass & Young, Orion L. Douglass,* for appellant.
*Glenn Thomas, Jr., District Attorney, John D. Rivers, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

Heretofore, this court has at times recognized a distinction between retained and appointed counsel in reviewing claims of ineffective assistance of counsel: *Thornton v. Ault,* 233 Ga. 172, 174 (210 SE2d 683) (1974); *Hopkins v. Hopper,* 234 Ga. 236, 238 (215 SE2d 241) (1975); *Allen v. Hopper,* 234 Ga. 642, 643 (217 SE2d 156) (1975). In certain situations (primarily post-conviction advice as to the right of appeal), the court has expressly declined to maintain any difference between retained and appointed counsel: *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d 141) (1974); *Kreps v. Gray,* 234 Ga. 745, 747 at 748 (218 SE2d 1) (Nichols, C. J., concurring specially) (1975); *Bell v. Hopper,* 237 Ga. 810 (229 SE2d 658) (1976).[1]

---

[1] I find valid reasons for judging retained counsel by

In some cases we have not recognized the difference between retained and appointed counsel *(Dobbs v. State,* 235 Ga. 800 (4) (221 SE2d 576) (1976); *Fortson v. State,* 240 Ga. 5 (237 SE2d 335) (1977)), but it would have made no difference in the result, see *Allen v. Hopper,* supra.

In the case sub judice the majority has, without comment, applied to retained counsel the "reasonably effective assistance" test (for judging trial performance) originally applicable to appointed counsel. See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). Although the majority opinion does not expressly acknowledge it, the majority has consciously decided to judge the effectiveness of retained counsel's trial performance by the same standard as appointed counsel. However, the majority have not said whether they are applying the 6th and 14th Amendments, or some provision of our State Constitution or laws. In my view when we decide to abolish a distinction so as to expand the law to a new or different situation, we should acknowledge and justify it.

At first, the right to a new trial by virtue of ineffective assistance of counsel was available only to indigents for whom counsel were appointed. See Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE 158) (1932). A defendant who selected and retained his own counsel was

---

the test applicable to appointed counsel insofar as each of them or the state is required to advise a defendant as to his rights of appeal, because after conviction the fee paid generally has been earned; the defendant may experience difficulty in raising the additional fee for the appeal; there may be a breakdown in communication between counsel and client during this interval; and while the fee is being negotiated and the defendant's family is trying to raise it retained counsel may overlook advising the defendant of the right to have counsel appointed to represent him on appeal if he is indigent. See *Bell v. Hopper,* supra. Since a defendant has the right to be advised as to his rights of appeal and since a defendant who had a retained attorney at trial may be entitled to appointed counsel on appeal, we ask the trial judges to advise defendants represented by retained counsel at trial of their rights of appeal. *Kreps v. Gray,* supra.

not entitled to a new trial merely because his chosen counsel was ineffective *(Darby v. State,* 79 Ga. 63, 69 (3 SE 663) (1887)); rather, the ineffectiveness of retained counsel had to be made known to the judge or another responsible state official to warrant a new trial. Hudspeth v. McDonald, 120 F2d 962 (10th Cir. 1941), cert. den., 314 U. S. 617 (1941). Now, without acknowledgment or explanation, the majority erases the historical difference between retained and appointed counsel. They do so on the basis that one rule is simpler to administer than two.

I agree that one rule is simpler to administer than two (see *Dobbs v. State,* supra), but I am unable to justify abolition of this distinction solely on the basis of simplification. I would affirm the conviction on the basis that defendant has failed to demonstrate on motion for new trial and appeal that the state is chargeable with knowledge of his chosen counsel's ineffectiveness; i.e., that the trial judge, prosecutor or other responsible state officer was aware of retained counsel's now confessed ineffectiveness in conducting the defense at trial.[2] See Fitzgerald v. Estelle, 505 F2d 1334, 1336-1337 (5th Cir. 1975).

---

[2] "A lawyer shall not (1) handle a legal matter which he knows or should know that he is not competent to handle. . ." DR6-101, 238 Ga. at 788.