## 61690. ALLANSON v. THE STATE.

DEEN, Presiding Judge.

1. An extraordinary motion for new trial based on newly discovered evidence must show (1) that it came to the defendant's knowledge after the trial; (2) that ignorance of it at the trial was not due to want of diligence; (3) that its presentation would likely result

in a different verdict; (4) that it is not merely cumulative; (5) that proper affidavits are present or accounted for, and (6) that it is not merely impeaching. *Bell v. State,* 227 Ga. 800 (183 SE2d 357) (1971); *Johnson v. State,* 240 Ga. 90 (1) (239 SE2d 678) (1977). Applications for new trial are in large part addressed to the sound discretion of the trial judge. *Kitchens v. State,* 228 Ga. 624 (4) (187 SE2d 268) (1972).

2. A special plea of insanity at the time of trial raises the question of whether the defendant is mentally competent at that time to understand the nature and object of the proceedings against him, whether he comprehends his own condition in reference to them, and whether he is capable of rendering his attorney proper assistance. *Brown v. State,* 215 Ga. 784 (1) (113 SE2d 618) (1960). He must, in other words, be aware of the charge, aware of its consequences, and able to communicate with his lawyer. After trial and conviction where a judgment against the plea is being reviewed, the fact that the defendant gives way to emotional outbursts, is suicidal, or considers himself insane is insufficient to demand a reversal of the decision. *Strickland v. State,* 247 Ga. 219 (275 SE2d 29) (1981).

3. The foregoing law must be applied to the facts of this case which are substantially as follows: In July, 1974, less than two months after her marriage, the defendant's husband killed his parents. His conviction was affirmed in *Allanson v. State,* 235 Ga. 584 (221 SE2d 3) (1975). In 1975, the appellant was twice hospitalized, once in April and again in October, on both of which occasions she received some psychiatric care. At that time she was making efforts to have her husband freed. In May, 1977 she was found guilty of attempting in June, 1976, to murder her husband's grandparents, the parents of the deceased father. *Allanson v. State,* 144 Ga. App. 450 (241 SE2d 314) (1978). The evidence on this latter trial showed that the defendant had helped the grandparents prepare codicils to their wills favoring her and her incarcerated husband, had obtained a power of attorney, and, according to evidence offered by the state, had at the same time obtained his notarized signature on a piece of paper over which was written a confession purporting to be by the grandfather to the effect that he had murdered his son and daughter-in-law and that the appellant's husband was innocent. In that case she was convicted on two counts of attempt to commit murder and sentenced accordingly.

The present extraordinary motion for new trial was filed in November, 1980, by an attorney who did not participate in the trial. The motion seeks a new trial based on alleged newly discovered evidence that the defendant was insane at the time of her trial, and contains the affidavit of her former attorney that at the time he represented her on the trial of the murder attempt indictments he was not aware that she was suffering from a mental defect nor could

he have discovered it by the exercise of ordinary diligence. It appears that the association before, during and after the trial stretched over a period of some ten months. The defendant's mother, who had testified at the trial, testified at a hearing on the insanity plea, stated various bizarre occurrences and a suicide attempt and said she was aware of her daughter's mental problems but did not mention them to her attorney during discussions with him, although she knew all the facts at that time, because she was not familiar with legal procedures. Psychiatric reports written during 1975 portrayed a depressed and agitated person much disturbed by her husband's predicament. The court noted one medical opinion to the effect that she might not have been able to distinguish right from wrong at that time (an inapposite test for insanity at the time of trial; see *Clark v. State,* 245 Ga. 629 (1) (266 SE2d 466) (1980); *Banks v. State,* 246 Ga. 178 (3) (269 SE2d 450) (1980), but that there was also opinion evidence that she showed no evidence of hallucination and her orientation, memory, judgment and intellect were normal. Weighing the testimony and exhibits, including the fact that the defendant testified at length at her trial in 1977, the court denied the extraordinary motion apparently on the double grounds that the defendant was not insane at the time of her trial and that the evidence offered in support of this proposition was not newly discovered. We find no error.

*Judgment affirmed. Banke and Carley, JJ., concur.*

Decided March 19, 1981.

*Sonja L. Salo,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.