## 43472. JOHNSON v. THE STATE.
(347 SE2d 584)

WELTNER, Justice.

Gwendolyn Johnson was indicted for the murder of Albert Martin by shooting and killing him with a handgun. A jury found her guilty but mentally ill, and she was sentenced to life imprisonment.[1]

1. After Martin, a longtime friend, made disparaging remarks about Johnson's son (who was in jail), Johnson purchased a revolver, went to Martin's house with it, and, while they were sitting on the edge of his bed, shot him several times after he criticized her son in the course of conversation. Johnson then put the revolver in a purse and left it at a neighbor's apartment.

That evening, she called for an ambulance, and en route to the hospital she told the driver that she had shot the victim. She told the

---

[1] The homicide occurred November 5, 1984. Johnson was convicted August 15, 1985. A motion for a new trial was filed August 30, 1985 and denied March 7, 1986. The notice of appeal was filed March 17, 1986. The transcript was certified April 28, 1986. The case was docketed in this court May 14, 1986 and submitted for decision June 16, 1986.

admitting physician that she had "shot the devil that day." The doctor sent her to a regional mental hospital, where she later admitted that she was responsible for the victim's death. Several days later, Johnson was given *Miranda* warnings and made a statement to the police admitting that she shot the victim three or four times after he had criticized her son "because he was the devil." At trial, she stated, "God took his life, I didn't."

2. At a *Jackson-Denno* hearing, a detective testified that at the time she made her statement to him, Johnson answered questions well, was calm, and at all times acted appropriately. She offered no evidence at the hearing. At the trial, there was expert testimony for the state that several days after the shooting Johnson was calm, in control of her actions, in contact with reality, and was not delusional. A forensic psychologist who had examined Johnson at the court's request several months after the shooting testified that, in his opinion, although Johnson had a delusion that Martin was the devil, she was not operating under a delusional compulsion at the time of the killing. A psychiatrist assigned to the jail examined Johnson eight months after the shooting and testified that it was his opinion that she did *not* know the difference between right and wrong, and that she was suffering from a compulsion that overmastered her will at the time of the shooting.

3. Johnson challenges the sufficiency of the evidence. The findings of the trial court as to the issues of insanity and guilt are supported by the evidence. *Strozier v. State*, 254 Ga. 712 (334 SE2d 181) (1985); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Johnson claims that the trial court erred in finding her competent to give a statement to the police. She claims that the statement should have been suppressed because her mental illness precluded the possibility of voluntary waiver of her right to remain silent.

A person who is mentally ill can be competent to make a voluntary confession. *Nelms v. State*, 255 Ga. 473, 474 (1) (340 SE2d 1) (1986). The *only* evidence at the hearing was that Johnson was competent at the time the statement was made. The trial court's ruling is not clearly erroneous. *Nelms v. State*, supra.

5. Johnson asserts error in the exclusion of portions of certified medical records. When she tendered reports from the hospitals, the state objected because the records contained notations and opinions from personnel who did not testify at trial. The court correctly ruled those portions inadmissible. *Baker v. State*, 251 Ga. 464 (2) (306 SE2d 917) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

J. Robert Joiner, for appellant.

Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General, for appellee.