A90A2308. EVANS v. THE STATE.
(402 SE2d 131)

SOGNIER, Chief Judge.

Jerry Evans was convicted by a Chatham County jury of voluntary manslaughter and four other charges stemming from his possession and use of a handgun during the crime. He appeals from the denial of his motion for an out of time appeal.

The jury's verdict was rendered on May 17, 1989, and appellant was sentenced on May 26. The transcript of the sentencing hearing

reveals that after sentence was imposed, the trial judge informed appellant, who was represented by appointed counsel, that he had the right to appeal the verdict and to appeal his sentence to the sentence review panel. The court continued, "Let me caution you that you must file the sentence appeal within thirty days from today or, if you appeal the guilty verdict, you must file your sentence appeal within thirty days from receipt by the Clerk of notice that your conviction has been upheld by the appellate courts." Appellant's appointed counsel consented to continue representing appellant and to "determine whether or not he wishe[d] to appeal either or both of these matters." Counsel then filed a petition for sentence review on June 13, 1989, and the sentence was affirmed on April 24, 1990. Three weeks later, appellant filed his pro se motion for permission for an out of time appeal, contending appointed counsel had declined to file an appeal from the conviction and judgment and did not explain that appellant could obtain another appointed attorney to maintain the appeal. The trial court denied this motion on June 29, 1990, but did order the preparation of a trial transcript.

Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out of time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976); *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985). An out of time appeal, however, is not authorized if the delay was attributable to the appellant's conduct, either alone or in concert with counsel. *Henry v. Hopper*, 235 Ga. 196, 197-198 (219 SE2d 119) (1975); *Cannon,* supra at 742. Thus, disposition of appellant's motion requires a determination whether the ultimate responsibility for the failure to file a timely appeal rested with appellant or with counsel. *Cannon,* supra.

After a review of the record below, we are unable to ascertain whether that issue was adequately addressed. No hearing was held on appellant's motion, and we cannot determine from the available evidence whether the failure to file an appeal was the result of appellant's inaction. Our difficulty in ascertaining the answer to this question is compounded by the fact that trial counsel did file a sentence review petition and apparently remained as appellant's counsel until that petition was denied in April 1990. If, as appellant contends, the decision not to file an appeal was made by appointed counsel rather than by appellant, he is entitled to pursue an out of time appeal with appointed counsel. *Allen v. Hopper*, 234 Ga. 52 (214 SE2d 508) (1975). Further, while the trial judge advised appellant at the sentencing hearing that he had the right to file appeals from both the judgment and the sentence, the court did not expressly state that ap-

pellant could obtain substitute counsel if he desired, and appellant contends he was not so advised by trial counsel. If appellant did not receive adequate information concerning his right to obtain another appointed attorney should trial counsel not wish to represent him on appeal, he is likewise entitled to an out of time appeal. See *Bell*, supra at 811.

Under these circumstances, we must vacate the lower court's order and remand with direction that a hearing be conducted on appellant's motion and a new order entered in accordance with this opinion. See *Cannon*, supra at 743.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 11, 1991.

Jerry Evans, *pro se.*
Spencer Lawton, Jr., *District Attorney*, for appellee.