A94A2739. THORNTON v. THE STATE.
(453 SE2d 802)

RUFFIN, Judge.

Peter Thornton was convicted by a jury and sentenced to ten years' imprisonment for kidnapping, misdemeanor theft by taking, and misdemeanor escape. The record shows that Thornton was advised by the trial court of his right to pursue an appeal of his conviction and/or sentence within thirty days, including his right to have the sentence reviewed by a three-judge panel. Thornton's trial attorney timely requested review of Thornton's sentence, and timely filed a motion for new trial. The record also contains evidence that while the motion was pending, the attorney advised Thornton in writing that it was unlikely a direct appeal would be successful and that a handwritten statement signed by Thornton stating "It is OK with me to abandon my appeal" appears on counsel's letter.

Thornton's motion for new trial was denied on March 27, 1992,

and no direct appeal was taken. On June 17, 1994, Thornton filed a pro se motion for an out-of-time appeal and a motion for appointment of new appellate counsel. Following a hearing, the court denied Thornton's motion. Thornton appeals the court's order, denominated as an order denying a motion for new trial. He contends the trial court erred by denying his motion for an out-of-time appeal, arguing that he did not consent to the forfeiture of his right to a direct appeal of his conviction. Specifically, Thornton denies having seen his attorney's letter and contends his signature is a forgery.

" 'Our courts have . . . permitted out of time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. [Cits.] An out of time appeal, however, is not authorized if the delay was attributable to the appellant's conduct, either alone or in concert with counsel. [Cits.]' *Evans v. State*, 198 Ga. App. 537, 538 (402 SE2d 131)." *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994). "A trial court's finding that counsel was effective must be upheld unless that finding is clearly erroneous. [Cit.]" *Brady v. State*, 206 Ga. App. 497 (4) (426 SE2d 15) (1992).

The record shows that at sentencing, the trial court informed Thornton of his right to a direct appeal of his conviction. Following a hearing on Thornton's motion for an out-of-time appeal, the trial court found the evidence that Thornton knowingly and voluntarily waived his right to appeal his conviction to be more credible than Thornton's denial. Accordingly, the court found that Thornton was effectively represented at trial, was advised of his right to appeal by the court and by counsel, and that Thornton voluntarily waived in writing his right to appeal after having been advised by counsel. Thornton has pointed to no evidence of record which supports his contention of error by the trial court. As Thornton has not met his burden to affirmatively show error by the record, the trial court's ruling is assumed to be correct. *Hayes v. State*, 211 Ga. App. 801 (1) (440 SE2d 539) (1994). Accordingly, we affirm the trial court's denial of Thornton's motion for an out-of-time appeal.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1995.

Peter Thornton, *pro se.*

H. Lamar Cole, District Attorney, Charles M. Stines, A. Scott Gunn, Assistant District Attorneys, for appellee.