## S95A1051. MORROW v. THE STATE.
(463 SE2d 472)

CARLEY, Justice.

Morrow pled guilty to murder, conspiracy to commit murder, theft by taking, and two counts each of armed robbery and concealing the death of another person. The trial court entered judgments of conviction and sentences on the guilty pleas. Several years later, Morrow filed a motion for out-of-time appeal on the ground that he was never advised of his right to appeal. The trial court denied the motion and Morrow appeals.

An out-of-time appeal is occasionally appropriate where, due to ineffective assistance of counsel, no appeal has been taken. *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991); *Henderson v. State*, 265 Ga. 317 (2) (454 SE2d 458) (1995). However, an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984).

Morrow seeks to challenge the voluntariness of his guilty pleas, relying upon a psychological report in the record, which indicated that he was psychotic and out-of-touch with reality. According to Morrow's briefs on appeal, this report shows that serious issues of his competency and sanity should have been resolved by a psychiatric examination and a competency hearing. However, it is well-settled that "[l]egal insanity is not established by a medical diagnosis that an individual suffers from a mental illness such as a psychosis. [Cits.]" *Lawrence v. State*, 265 Ga. 310, 312 (2) (454 SE2d 446) (1995). It is equally well-settled that "[a] person who is mentally ill can be competent to make a voluntary confession. [Cit.]" *Johnson v. State*, 256 Ga. 259, 260 (4) (347 SE2d 584) (1986). It is no less true that a mentally ill person can be competent to stand trial. *Strickland v. State*, 247 Ga. 219, 220 (2, 3) (275 SE2d 29) (1981); *Allanson v. State*, 158 Ga. App. 77, 78 (2) (279 SE2d 316) (1981). Likewise, a mentally ill person can be competent to plead guilty, as the standard of competency for pleading guilty is the same as the competency standard for standing trial. *Godinez v. Moran*, 509 U. S. ____ (II) (A) (113 SC 2680, 125 LE2d 321) (1993).

Therefore, the psychologist's report certainly does not demand a finding that Morrow was not competent to plead guilty and that his guilty pleas were not voluntary. Neither does the report demand a finding that Morrow *was* competent to plead guilty. Indeed, the psychologist's report is dated one and one-half months *before* entry of the guilty pleas and expresses no opinion as to Morrow's ability *at the time of trial* to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to render his attorneys such assistance as a proper

defense to the indictment preferred against him demanded. See *Norris v. State*, 250 Ga. 38, 40 (3) (295 SE2d 321) (1982).

Mental competency is a question of fact. *Strickland v. State*, supra at 221 (3). Assuming that the psychological report may be some evidence that would have authorized the trial court to appoint a psychiatrist or to hold a competency hearing, it clearly is not sufficient to *resolve* the question of Morrow's competence to enter a guilty plea. Therefore, the issue which Morrow seeks to raise in his out-of-time appeal cannot be resolved only by reference to facts contained in the record. See *Smith v. State*, supra. Compare *Fuller v. State*, 159 Ga. App. 512 (284 SE2d 29) (1981) (cited in *Smith*). Since Morrow had no right to file even a timely notice of appeal from the judgment of conviction entered on this guilty plea, he was not entitled to be informed of a non-existent "right" to appeal. It follows that the trial court correctly denied Morrow's motion to file an out-of-time appeal in this case. Morrow's only available remedy is habeas corpus. See *Mullins v. Hopper*, 242 Ga. 123 (249 SE2d 606) (1978); *Peterman v. Caldwell*, 229 Ga. 394 (191 SE2d 840) (1972).

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who dissent. Hunstein, J., disqualified.*

SEARS, Justice, dissenting.

I dissent. The majority misconstrues the basic issue before this Court, all but eradicates the limited rights of appeal of defendants who plead guilty, and denies Morrow his fundamental due process and equal protection rights under the Fourteenth Amendment to the United States Constitution by resolving the merits of any arguments that Morrow could raise on an appeal before he has had the opportunity to make those arguments.

1. First, the majority fails to recognize that the trial court improperly ruled on Morrow's motion seeking permission to file an out-of-time appeal without making the determinations required by our precedent.

In support of his motion, Morrow argued that neither the trial court nor his attorney informed him of his right to appeal his conviction and to obtain court-appointed counsel for such an appeal. Morrow argued that his attorney's failure to inform him of his rights of appeal rendered his attorney's assistance ineffective, warranting the grant of the motion for out-of-time appeal. In response to Morrow's motion, the trial court, without holding a hearing on the motion, issued a mere one-sentence order which stated only that upon consideration of the record, the motion for permission to file an out-of-time

appeal was denied.[1]

Our case law establishes that a motion for permission to file an out-of-time appeal will be granted, inter alia, when a criminal defendant's failure to file a timely appeal is due to his attorney's failure to inform him of his right to appeal his conviction and obtain court-appointed counsel for such an appeal.[2] On the other hand, an out-of-time appeal will not be allowed if the defendant is informed of his right of appeal, but nonetheless fails to file a timely appeal due to his own inaction, or in an effort to purposefully delay the appeal of his conviction to his own advantage.[3] Accordingly, it is well-established that disposition of a motion for permission to file an out-of-time appeal "requires a determination whether the ultimate responsibility for the failure to file a timely appeal rested with the appellant or with counsel."[4]

The trial court's order failed to make the dispositive determination of whether Morrow's failure to file a timely appeal was due to his attorney's failure to inform him of his right to do so, as Morrow claims, or whether Morrow was informed of his rights of appeal, but simply slept on those rights. Nor can this crucial determination be made upon a review of the record in this case. The trial court's failure to make this determination requires that its order denying Morrow's motion for permission to file an out-of-time appeal be vacated, and the matter remanded so that the determination can be made.[5]

2. Incredibly, the majority rules that because "Morrow had no right to file even a timely appeal from [his] . . . guilty plea," he therefore "was not entitled to be informed of a non-existent 'right' to appeal." Op. at 4. However, regardless of what the majority may wish was the state of our law, Morrow did not waive his appeal as of right merely by pleading guilty. So long as Morrow was entitled to an appeal as of right, he was entitled to be informed of that right, for "[t]he right to appeal an adverse judgment is indeed a hollow one if the one to whom [it] accrues is not informed of its existence."[6]

An appeal lies from a judgment entered on a guilty plea, so long

---

[1] Different trial judges presided over Morrow's entry of guilty pleas and motion for out-of-time appeal.

[2] *Birt v. Hopper*, 245 Ga. 221, n. 1 (265 SE2d 276) (1980); *Bell v. Hopper*, 237 Ga. 810, 810-811 (229 SE2d 658) (1976); *Henry v. Hopper*, 235 Ga. 196, 198 (219 SE2d 119) (1975); *Thornton v. State*, 216 Ga. App. 202, 203 (453 SE2d 802) (1995); *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985) (Carley, J.); *Harper v. State*, 154 Ga. App. 550, 551 (269 SE2d 56) (1980).

[3] *Henry*, 235 Ga. at 198; *Evans v. State*, 198 Ga. App. 537, 538 (402 SE2d 131) (1991); *Cannon*, 175 Ga. App. at 742.

[4] *Evans*, 198 Ga. App. at 538. Accord *Cannon*, 175 Ga. App. at 742.

[5] See *Cannon*, 175 Ga. App. at 742-743; *Hasty v. State*, 213 Ga. App. 731 (445 SE2d 836) (1994).

[6] *Kreps v. Gray*, 234 Ga. 745, 747 (218 SE2d 1) (1975).

as the question on appeal is one which may be resolved by the facts appearing in the record.[7] In this case, Morrow sought permission to file an out-of-time appeal challenging the voluntariness of his guilty pleas by relying upon psychological reports which are a part of the record in this case. Accordingly, the issue Morrow sought to raise in his out-of-time appeal, if that appeal was allowed, is one which can be resolved by reference to the facts contained in the record — either the psychological reports will support Morrow's claim, or they will not. Therefore, because an appeal as of right does lie from the judgment against Morrow, he was entitled to be informed of his rights of appeal, even though he pled guilty.

3. The majority ostensibly bases its affirmance of the trial court upon its belief that the issues which Morrow seeks to raise on appeal cannot be decided from the record. However, the majority contradicts its purported belief by determining that the psychological reports which Morrow seeks to rely upon, were his appeal allowed, "do[ ] not demand a finding that Morrow['s] . . . guilty pleas were not voluntary." Op. at 3. The majority even goes so far as to address the main argument that it conjectures Morrow would raise in an appeal, if allowed, before Morrow has even been granted either (1) the right to file an appeal, or (2) the opportunity to make an argument on appeal.[8] By reaching the merits of Morrow's claim on appeal that his guilty plea was not voluntary, the majority has expressly recognized that the appeal can be resolved on the basis of the record. Moreover, by resolving the arguments which it believes Morrow would raise in an appeal, if allowed, before Morrow has had an opportunity to make those arguments, the majority has denied Morrow his fundamental rights of due process and equal protection.

Having granted a right of appeal to all convicted criminal defendants,[9] the State is forbidden by due process and equal protection concerns from arbitrarily excluding certain parties from exercising that right.[10] Furthermore, due process and equal protection require that, once the State has created a right of appeal, it must "offer each defendant a fair opportunity to obtain an adjudication on the merits of

---

[7] *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984).

[8] Even before Morrow has been allowed to file an appeal, the majority has framed his appellate issue — "According to Morrow, [the psychological report] shows that serious issues of his competency and sanity should have been resolved by a psychiatric examination and a competency hearing." Op. at 3. The majority also raises sanity and competency issues which it speculates would be raised on appeal. However, issues which may or may not be raised on any appeal allowed are not before the Court at this time; the only issue is the propriety of the trial court's order.

[9] OCGA § 5-6-33.

[10] *Evitts v. Lucey*, 469 U. S. 387, 393 (105 SC 830, 83 LE2d 821) (1985); *Griffin v. Illinois*, 351 U. S. 12, 17-20 (76 SC 585, 100 LE 891) (1956).

his appeal."[11] The majority has denied Morrow such a "fair opportunity" by reducing his right of appeal to a "meaningless ritual" by precluding him from effectively asserting his appellate arguments.[12] By resolving the merits of arguments the majority has conjectured that Morrow could raise on appeal before Morrow has even had the opportunity to make his arguments himself, the majority has denied Morrow this basic right to assert his appellate arguments before they are decided, in violation of the Fourteenth Amendment's guarantees of due process and equal protection.

I am authorized to state that Presiding Justice Fletcher joins in this dissent.

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED DECEMBER 4, 1995.

David Wayne Morrow, *pro se.*
J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, for appellee.

---

[11] *Evitts,* 469 U. S. at 405; accord *Logan v. Zimmerman Brush Co.,* 455 U. S. 422, 429-430 & n. 5 (102 SC 1148, 71 LE2d 265) (1982).

[12] *Douglas v. California,* 372 U. S. 353, 358 (83 SC 814, 9 LE2d 811) (1963); *Evitts,* supra. See *Keenan v. Hardison,* 245 Ga. 599, 601 (266 SE2d 205) (1980) (" 'nothing short of notice . . . and an opportunity to be heard . . . will satisfy the due process clause of the Constitution of this State.' ").