**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 29, 2014**

# In the Court of Appeals of Georgia

A14A1108. MAINES v. THE STATE.

McFADDEN, Judge.

The issue presented by this appeal is whether the trial court, after finding that the defendant had received ineffective assistance of counsel in rejecting a plea offer from the state, erred in not ordering the state to re-offer that prior plea proposal to the defendant. Because such a decision was within the trial court's discretion and there has been no showing of an abuse of that discretion, we affirm.

Jimmie Maines was indicted for aggravated stalking of his former wife. During plea negotiations, the state offered to recommend a sentence of five years, with one year to be served in confinement, in exchange for Maines' guilty plea. Maines rejected the offer and made a counter-offer for six months in confinement. The state did not agree to the counter-offer, and Maines opted to enter a non-negotiated guilty

plea. A plea hearing was held and Maines entered his non-negotiated guilty plea. Before sentencing, Maines informed the court of the plea offer of five years, with one to serve, that had been made by the state. The court imposed a sentence of 10 years, with six to be served in confinement.

Maines moved to withdraw his guilty plea, claiming ineffective assistance of counsel. After an evidentiary hearing, the trial court granted the motion, finding that plea counsel had been ineffective because he did not know the elements of the aggravated stalking offense charged and thus did not adequately explain those elements to Maines. Citing *Lafler v. Cooper*, 566 U. S. ___ (132 SCt 1376, 182 LE2d 398) (2012), the court further ordered that the state was required to re-offer its original plea proposal to Maines.

At a subsequent hearing, the state argued that the court had misinterpreted *Lafler*, that the state was not required to re-extend the plea offer and that it would refuse to do so. After further discussions with counsel, the trial court did not require the state to re-offer the original plea proposal, and instead indicated to Maines that his options were either to exercise his right to a jury trial or to enter a plea. Maines opted to enter a guilty plea, and the trial court once again entered a sentence of ten years, to serve six. However, this time the court also granted Maines first offender

status. Maines filed this direct appeal from the judgment of conviction entered on the guilty plea.

1. *Jurisdiction.*

At the outset we note that a direct "appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. [Cit.]" *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). Because the issue raised in this appeal can be resolved by facts appearing in the record, the filing of a direct appeal was appropriate, and we thus have jurisdiction to consider the appeal.

2. *Not requiring state to re-offer plea proposal.*

Maines argues that the trial court, after granting his motion to withdraw his first guilty plea, erred in failing to require the state to re-offer its original plea proposal and in then imposing the same sentence after his second guilty plea. The argument is without merit.

"A trial court has plenary power over its orders and judgments during the term at which they are entered, and may amend, correct, or revoke them, for the purpose of promoting justice." *Ritter v. State*, 272 Ga. 551, 553 (2) (532 SE2d 692) (2000) (citations and punctuation omitted). Here, the trial court's decision not to require the state to re-offer its initial plea proposal effectively amounted to a modification of its

earlier order requiring such a re-offering. This modification was well within the trial court's plenary authority over its own orders.

Maines' reliance on *Lafler* to support the proposition that the trial court erred in failing to enforce its earlier ruling and require the state to re-extend the plea offer is misplaced. While *Lafler* does provide that in certain circumstances it may be an appropriate remedy for a trial court to require the state to re-offer an earlier plea proposal, those circumstances do not exist in the instant case. As explained in *Lafler*:

> If, for example, an offer was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice. In these circumstances, *the proper exercise of discretion* to remedy the constitutional injury *may* be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.

*Lafler*, supra, 132 SCt at 1389 (II) (C) (citations omitted; emphasis supplied). In this case, there was no offer for a plea to a lesser count than the aggravated stalking count for which Maines was convicted after his first guilty plea, nor was there a mandatory sentence confining the judge's sentencing discretion. Thus, the circumstances contemplated by *Lafler* which might have necessitated a re-offering of the plea proposal simply are not present in this case. Moreover, even if such circumstances

4

were present, *Lafler* still clearly states that such a remedy would be up to the trial court's discretion.

And contrary to Maines' position, *Lafler* actually supports exactly what the trial court here did after allowing withdrawal of the guilty plea based on finding that Maines had declined the state's initial plea offer as the result of ineffective assistance of counsel. As *Lafler* provides:

> In some cases, the sole advantage a defendant would have received under the plea is a lesser sentence. This is typically the case when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial. In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea. If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between.

*Lafler*, supra, 132 SCt at 1389 (II) (C).

Although the instant case involved conviction after a non-negotiated guilty plea rather than after a trial, the situation contemplated by *Lafler* is otherwise the same as that in this case. That is, the charge that Maines would have admitted as part of a negotiated plea bargain was the same aggravated stalking charge as that to which he entered his non-negotiated plea. And the sole advantage Maines would have received

5

under the state's plea offer, if accepted by the trial court, was a lesser sentence than that received after the non-negotiated plea. Given that situation, the trial court here, consistent with *Lafler*, held an evidentiary hearing after which it allowed withdrawal of the first plea because there was a reasonable probability that, but for counsel's errors, Maines would have accepted the plea offer.

Thereafter, when Maines chose to enter a second non-negotiated plea, the trial court properly determined the voluntariness of the plea and then exercised its discretion in determining the appropriate sentence. Before imposing sentence, the court noted that it had considered the arguments from both sides and the stipulated testimony from the prior hearing, which showed that Maines had engaged in a systematic pattern of harassment and intimidation of the victim. Based on the arguments and evidence, the trial court decided to impose the same length of sentence as originally imposed, but this time granted Maines first offender status.

As stated by the Supreme Court, the *Lafler* "decision leaves open to the trial court how best to exercise that discretion in all circumstances of the case." Id. at 1391 (III). The trial court in this case properly exercised its discretion. And because Maines has not shown an abuse of that discretion, we affirm.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*

6