## 32601. JOHNSON v. THE STATE.
## 32602. RICHARDS v. THE STATE.

MARSHALL, Justice.
The appellants' first trial for armed robbery ended in a mistrial because the jurors were unable to agree on a verdict. The appellants were promptly placed on trial a second time, and they were convicted. They filed a motion for new trial on grounds of newly discovered evidence, which was denied. They now appeal. We affirm.

The state's evidence showed that at approximately 1 a.m. on June 13, 1976, Prenis Jerome Ray was robbed at gunpoint outside the apartment of Demetria Character, his girl friend.

Mr. Ray testified that earlier in the evening he and Miss Character had attended a house-warming party at the apartment of Muldry Walker. The victim and his girl friend left the party at approximately 12:30 a.m. and returned to her apartment, located on Gault Street.

Mr. Ray further testified that he had never seen the robbers before, but that someone living in the area who had observed them fleeing the scene told him that one of them was named Ricky Richards. This bystander also told him that the robbers had gotten into a 1972 red Pinto and driven away. The police were promptly notified. Ray later identified the two appellants as the perpetrators of the armed robbery.

The appellants testified in their own defense that they did not rob Prenis Ray. They submitted a different version of the events of the evening on which the robbery

allegedly occurred. They averred that they had gone to the Gault Street apartments to buy some marijuana. The person from whom they were going to buy the marijuana was not at home. They observed Mr. Ray and Miss Character arrive at the apartments around 9:30 or 10 p.m. They struck up a conversation with Ray, after which he agreed to take them across town to buy some marijuana. No marijuana was found. Ray was let out of the car around 11 p.m. No robbery occurred.

Following the appellants' convictions, the motion for new trial on grounds of newly discovered evidence was filed. By the evidence that was introduced at the hearing on motion for new trial, the appellants sought to prove that Muldry Walker's party did not take place on June 13, the night of the alleged robbery. Therefore, the appellants argue that Ray could not have been at the party earlier in the evening, contrary to testimony given by him that he had.

Muldry Walker testified at trial that on the night of June 12, 1977, she gave a house-warming party at her apartment. She testified that she had moved into the apartment around the end of May or early June, and the house-warming party was given approximately two to three weeks later. Miss Walker testified that Ray and his girl friend, Demetria Character, attended the party. Miss Character also testified that, on the night Prenis Ray was robbed, she and Ray had attended Muldry Walker's party.

At the hearing on the motion for new trial, Sol Walker, the brother of Muldry Walker, testified that he and his sister had moved into the apartment on June 7 or 8; that the party was held two weeks later; and that Prenis Ray was there. Tina Walker, sister of Muldry Walker, testified at the hearing that her sister moved into the apartment on June 7 or 8; that the party was held one or two weeks later; that she did not know Prenis Ray and did not know whether he was at the party. An affidavit of the resident manager of Muldry Walker's apartment, stating that she first occupied the apartment on June 7 or 8, was also introduced. These were the only pieces of evidence presented by appellants in support of their motion for new trial that could be considered helpful to their defense. *Held:*

1. The trial court did not err in overruling the motion.

"[I]t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and [6] that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Burge v. State,* 133 Ga. 431, 432 (66 SE 243) (1909).

The appellants have failed to show that it was not owing to the want of due diligence that they did not acquire this evidence until after trial. The names of the parties testifying at the hearing on the motion for new trial were obtained from Muldry Walker. In the appellants' first trial for armed robbery, Muldry Walker was called as an unlisted rebuttal witness. See *Nunnally v. State,* 235 Ga. 693 (13) (221 SE2d 547) (1975). Therefore, the appellants were aware of Miss Walker's identity prior to the commencement of their second trial. They could have sought the names of the other witnesses and moved for a continuance at that time. Since they did not do so, we cannot now say that they were diligent in obtaining this "newly discovered" evidence. Furthermore, we do not believe that this evidence is so material that it would produce a different verdict.

2. The appellant Richards complains that the trial court erred in failing to grant a motion for continuance to secure the attendance of a witness at the commencement of the second trial. The transcript shows, not that the trial court refused to grant the appellants' motion for a continuance, but that the appellants' attorney stated to the court that the witness had been located and should be in court in time to testify. No error appears.

3. The other enumerations of error, which address themselves to the general grounds, are without merit. The victim's positive identification of the appellants as the perpetrators of the armed robbery authorized the verdict

of guilty. It is the function of the jury to determine the credibility of witnesses and weigh conflicts in the evidence accordingly. Once the jury has returned a verdict of guilty, it will be affirmed by the appellate court if there is any evidence to support it. See *Watts v. State,* 239 Ga. 725 (1) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 5, 1977 — DECIDED OCTOBER 21, 1977 —
REHEARING DENIED NOVEMBER 1, 1977.

*William Schneider,* for Johnson.
*Louise T. Hornsby,* for Richards.
Rickey E. Richards, *pro se.*
*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Issac Byrd, Assistant Attorney General,* for appellee.