### 35708. DOBBS v. THE STATE.

MARSHALL, Justice.

The appellant's convictions and sentences for armed robbery, aggravated assault, and murder (for which he received a death sentence) were affirmed in *Dobbs v. State,* 236 Ga. 427 (224 SE2d 3) (1976), cert. den. 430 U.S. 975 (1977). The present appeal is from orders denying (1) his motions for summons of out-of-state witnesses in connection with his extraordinary motion for new trial, (2) his motion for his presence at the hearing of his extraordinary motion for new trial, and (3) his

extraordinary motion for new trial.

1. The appeal from the denial of the motions for summons of out-of-state witnesses, is deemed abandoned by the failure to enumerate it as error or argue it either by brief or orally.

2. In Georgia, as in most jurisdictions, the general right of one accused of a felony to be present during the course of his trial does not extend to post-verdict procedures such as a motion for new trial, at which only questions of law, not questions of fact, are determined. *Sims v. Smith,* 228 Ga. 136 (184 SE2d 347) (1971); *Reid v. State,* 119 Ga. App. 368 (1) (166 SE2d 900) (1969).

The appellant contends that these cases do not preclude his alleged right of presence at the hearing on his extraordinary motion for new trial because the facts in his case are "complicated"; because the proceedings were not on a motion for new trial, as in *Sims* and *Reid,* but on an *extraordinary* motion for new trial, wherein counsel was not the same as trial counsel, as would ordinarily be the case in a motion for new trial; and because of "the evolving standard of due process applicable to death penalty cases by the United States Supreme Court in the series of cases since Furman v. Georgia, 408 U.S. 238 (92 SC 2726, 33 LE2d 346) (1972)."

We are aware of the case law recognizing that the death sentence is a different kind of punishment from any other imposed, and deserves special considerations at times. However, the appellant has cited us to no decisions supporting his contention that a death-penalty defendant generally is "allowed to be present at each step of his appeals process," and we have found no case to that effect. In the absence of clear and controlling authority, we decline to create and recognize such a right.

Furthermore, even if such a right exists, the appellant could be deemed to have waived it by waiting until the Friday before the hearing on Monday to assert such right, although he was informed several weeks prior to the hearing that the assistant district attorney did not intend to have him brought to the hearing. See *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977). In view of this knowledge, as well as the time required for the necessary paperwork and procedure to effect the prisoner's

appearance in court, such motion can only be regarded as a delaying tactic, which can not be condoned.

3. The trial court did not err in denying the extraordinary motion for new trial on all of its grounds.

(a) The appellant contends that he was entitled to a new trial on the ground that the co-defendant, Walter Harris (who is now serving a life sentence for the murder), has subsequently recanted his testimony at trial that the appellant had participated in the crimes of which he was convicted. This newly discovered evidence is not so material that it would probably produce a different verdict. *Johnson v. State,* 240 Ga. 90 (1) (239 SE2d 678) (1977) and cit. Even taking all of Harris' post-trial statement as being true, the testimony fails to exclude the appellant as the murderer, and there was sufficient evidence at the trial, including testimony of eyewitnesses, to authorize the verdict even without Harris' testimony.

(b) "[I]t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; . . ." *Burge v. State,* 133 Ga. 431, 432 (66 SE 243) (1909); *Johnson v. State,* 240 Ga. 90, supra, (1). These criteria were not met with respect to Emma Jean Smith's claim that she was talking to the appellant on the telephone at the time the crimes occurred. In addition to the appellant, who obviously would have known of such conversation, Ms. Smith testified that she had notified not only the police but also the appellant's trial counsel of it. In spite of being given ample opportunity to secure witnesses, the appellant failed to have Ms. Smith subpoenaed, and even up to trial he would not provide his counsel with a witness list. Furthermore, the testimony of Ms. Smith was totally inconsistent with that of the appellant, who accounted otherwise for his time during this period without mentioning a telephone conversation.

(c) The final ground of the motion was that "[t]he jurors who sentenced Mr. Dobbs to death were under undue influence and did not believe that Mr. Dobbs would ever be executed." Such contention is not a proper ground for an extraordinary motion for new trial. See *Douthit v.*

*State,* 244 Ga. 471 (260 SE2d 875) (1979) and cit.
*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 6, 1980.

*Robert M. Altman, Tony Axam,* for appellant.
*William M. Campbell, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.