**Jack Howard POTTS,
Petitioner-Appellee,
Cross-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center,
Respondent-Appellant, Cross-Appellee.**

No. 83–8087.

United States Court of Appeals,
Eleventh Circuit.

March 30, 1987.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant, cross-appellee.

Millard C. Farmer, Joe Nursey, Atlanta, Ga., for petitioner-appellee, cross-appellant.

Before HILL and VANCE, Circuit Judges, and TUTTLE, Senior Circuit Judge.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

VANCE, Circuit Judge:

The Supreme Court has remanded this habeas corpus action for our reconsideration in light of *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), and *Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). The facts of the underlying Forsyth County murder case, culminating in petitioner Potts' death sentence, are reported in *Potts v. State,* 241 Ga. 67, 243 S.E.2d 510, 514 (1978). We must now reconsider whether the trial court's jury instruction impermissibly shifted the burden of proof on the issue of intent.

The petitioner argues that the state trial court erred in giving the following jury instruction:

A specific intent to commit the crime of murder charged in this Indictment is an essential element that the State of Georgia must prove beyond a reasonable doubt. Intent is always a question for the jury, and as I have said, it is ordinarily ascertained by acts and conduct. But

intent may be shown in many ways, provided that you jurors find that intent existed from the evidence produced before you.

Intent may be inferred from the proven circumstances, or it may be presumed, when it is the natural and the probable consequences of the act for which the defendant is being prosecuted.

I also want to give you certain presumptions of law that are applicable to this case. Now a presumption of law is a conclusion which the law draws from given facts. Each one of these presumptions of law that I am going to give you are rebuttable. That is, they are subject to being overcome by evidence to the contrary.

There are three of them.

1. Every person is presumed to be of sound mind and discretion.

As I have said that presumption is subject to being overcome by evidence to the contrary.

2. *The acts of a person of sound mind and discretion are presumed to be the product of that person's will.*

3. *A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts.*

*As I have said, these presumptions of law are rebuttable.* That is they are subject to being overcome by evidence to the contrary.

The italicized passages contain language that is virtually identical to the language found constitutionally offensive in *Franklin*, 105 S.Ct. at 1972.[1] As in the present case, the trial judge in *Franklin* explicitly informed the jury that these presumptions are "rebuttable." The Supreme Court concluded that even if "the jury reasonably understood the instructions as creating a mandatory *rebuttable* presumption the instructions would have been no less consti-

tutionally infirm." *Id.* (emphasis in original). The lesson of *Franklin* is clear: A mandatory rebuttable presumption concerning the issue of intent is impermissible under the Due Process Clause. Such a presumption "relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding." *Franklin*, 105 S.Ct. at 1972–73.

In our previous opinion, *Potts v. Zant*, 734 F.2d 526, 532–35 (11th Cir.1984), *cert. denied,* — U.S. —, 106 S.Ct. 1386, 89 L.Ed.2d 610 *vacated,* — U.S. —, 106 S.Ct. 3328, 92 L.Ed.2d 734 (1986), we were swayed by other language in Potts' jury instruction which specifically informed the jury that the burden was on the state to prove beyond a reasonable doubt that the defendant had a specific intent to murder. *Potts v. Zant*, 734 F.2d at 534. With regard to Potts' insanity defense, the judge further emphasized that "the burden is not on this defendant to disprove intention." *Id.* We concluded that the overall effect of the charge made it unlikely that a reasonable juror would find the presumptions conclusive rather than permissive in character. *Id.*

The Supreme Court addressed the problem of contradictory jury instructions in *Franklin:*

A reasonable juror could easily have resolved the contradiction in the instruction by choosing to abide by the mandatory presumption and ignore the prohibition of presumption. Nothing in these specific sentences or in the charge as a whole makes clear to the jury that one of these contradictory instructions carries more weight than the other. Language that merely contradicts and does not explain a constitutionally infirm instruction

---

1. In *Franklin,* the Supreme Court held it was error to give the following instruction:

 *The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the pre-* sumption may be rebutted. A person will not be presumed to act with criminal intention but the trier of facts, that is, the Jury, may find criminal intention upon a consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted.
 105 S.Ct. at 1969–70 (emphasis added).

will not suffice to absolve the infirmity. A reviewing court has no way of knowing which of the two irreconcilable instructions the jurors applied in reaching their verdict.

105 S.Ct. at 1975.

■ Because we are bound by the dictates of the Supreme Court, we now hold that Potts' jury charge did not comport with the requirements of due process. We conclude, however, that any error was harmless.

■ In *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 3109, 92 L.Ed.2d 460 (1986), the Supreme Court affirmed that a *Sandstrom* error [2] on the issue of intent may be harmless even where a defendant contests that very issue. We may only uphold the conviction if it is clear "on the whole record ... the error ... [is] harmless beyond a reasonable doubt." *Id.* at 3109 (quoting *United States v. Hasting*, 461 U.S. 499, 510, 103 S.Ct. 1974, 1981, 76 L.Ed.2d 96 (1983)). A *Sandstrom* error on the issue of intent is harmless beyond a reasonable doubt under two sets of circumstances: (1) where the evidence of guilt is "overwhelming," or (2) where intent was not an issue at trial.[3] *Drake v. Kemp*, 762 F.2d 1449, 1453 (11th Cir.1985) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986); *Davis v. Kemp*, 752 F.2d 1515, 1521 (11th Cir.) (en banc), *cert. denied,* 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 707 (1985). With respect to the first situation, our analysis must focus on "whether evidence of *intent,* rather than the more inclusive issue of *guilt,* is overwhelming."

*Tucker v. Kemp*, 762 F.2d 1496, 1502 (11th Cir.1985) (en banc) (emphasis in original), *cert. denied,* —— U.S. ——, 106 S.Ct. 3340, 92 L.Ed.2d 743 (1986); see *Miller v. Norvell*, 775 F.2d 1572, 1576 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986). The proper inquiry is whether the evidence of intent is so dispositive that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely upon the erroneous presumption. *Rose v. Clark*, 106 S.Ct. at 3109 (citing *Connecticut v. Johnson*, 460 U.S. 73, 97 n. 5, 103 S.Ct. 969, 983 n. 5, 74 L.Ed.2d 823 (1983) (Powell, J. dissenting)).

Eyewitness testimony in the present case established the following sequence of events; Potts shot Robert Snyder, dragged him from a pick-up truck, and left him on the side of the road. Potts walked to a nearby house. He told the occupants that there had been an accident, that a man had been hurt, and that he needed a ride. Michael Priest volunteered to help, and they left in Priest's automobile after picking up Potts' two female companions. They drove to the truck. Priest saw Snyder, covered with blood, staggering out of a ditch. Priest attempted to assist Snyder, but Potts pulled a .357 magnum and forced him to drive on.

Potts took over the driving. Michael Priest began begging Potts not to kill him because he had a wife and children. Potts responded by repeatedly pointing the loaded magnum at Priest's head, pulling the hammer back and letting it slowly fall. At

---

**2.** A *Sandstrom* error is one where "the State employs evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985).

**3.** Potts relied on an insanity defense at trial. Potts argued that his behavior the day of the murder was so bizarre that it could only be explained as the product of mental illness. It is unclear whether an insanity defense concedes the issue of intent so as to render harmless an erroneous burden shifting instruction on the issue of intent. *Compare Connecticut v. Johnson,* 460 U.S. 73, 87, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983) (plurality opinion) (dictum)

(insanity defense may concede issue of intent) *with Thomas v. Kemp,* 800 F.2d 1024 (11th Cir.1986) (evidence of drug use raises issue as to whether defendant was capable of forming requisite intent).

We need not reach this issue, however, because an insanity defense does not preclude harmless error analysis if the evidence of guilt is overwhelming. *See Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (remand for harmless error analysis despite insanity defense). While the nature of the defense asserted at trial may be an important factor in the analysis of whether the evidence of intent is overwhelming, in the present case the manner in which Potts killed his victim dispels any doubt that his acts were anything but intentional.

one point, Potts fired the magnum through the car roof and invited Priest to imagine what the bullet would do to his head.

Michael Priest continued to plead for his life, crying, "Oh my God, don't kill me." Potts informed Priest that there was no such thing as God, and that Priest should address his prayers to him. Potts drove Michael Priest to a dirt road. He forced Priest out of the car, put the gun to his head, and killed him.

The evidence summarized above describes the purposeful, cold-blooded killing of a defenseless human being. The overwhelming and unrebutted evidence negates any possibility that Potts acted impulsively or otherwise unintentionally. *See, e.g., Dobbs v. Kemp,* 790 F.2d 1499, 1509 (11th Cir.1986) (defendant shot victim in stomach at close range after ordering him to lie on floor), *modified in part on other grounds,* 809 F.2d 750 (1987); *Burger v. Kemp,* 785 F.2d 890, 892 (11th Cir.) (defendant placed victim in trunk of car and drove car into pond), *cert. granted,* —— U.S. ——, 107 S.Ct. 397, 93 L.Ed.2d 351 (1986); *Tucker v. Kemp,* 762 F.2d at 1502–03 (victim's death caused by crushing blow to the skull with a blunt instrument); *McCleskey v. Kemp,* 753 F.2d 877, 904 (11th Cir.1985) (police officer shot twice), *cert. granted,* —— U.S. ——, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986); *Davis v. Kemp,* 752 F.2d at 1521 (victim died of bullet in brain and suffered severe fractures of face and jaw); compare *Franklin v. Francis,* 720 F.2d 1206, 1212 (11th Cir. 1983) (evidence did not overwhelmingly preclude lack of intent where gun went off when victim slammed door), *aff'd,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

 We find that the *Sandstrom* error was harmless beyond a reasonable doubt. In our previous opinion, *Potts v. Zant,* 734 F.2d 526 (11th Cir.1984), we found other issues in Potts' habeas petition to be meritorious. Accordingly, we reinstate our previous opinion with respect to those issues and remand to the district court with instructions that the writ must conditionally issue requiring Potts' release

unless Cobb County[4] grants a new trial on the charge of kidnapping with bodily injury. In addition, the prosecutor's improper comments during the sentencing phase of the Forsyth County proceedings require that the writ conditionally issue to require new sentencing proceedings. The judgment of the district court is affirmed on all issues.

AFFIRMED and JUDGMENT REINSTATED IN PART.

---

**4.** Potts abducted his victim in Cobb County; thus, he was tried and convicted in Cobb County for kidnapping, aggravated assault and armed robbery. Since the murder occurred in Forsyth County, Potts was tried and convicted in Forsyth County for murder.