[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 12, 2007
THOMAS K. KAHN
CLERK

No. 06-14471
Non-Argument Calendar
_____

D. C. Docket No. 04-00828-CV-T-17-MSS

WILLIAM G. HARGROVE,

Petitioner-Appellant,

versus

ALFRED SOLOMON,
Warden, Apalachee Correctional Institution,
SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
having custody of petitioner,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(April 12, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In December 1996, a Florida jury found Petitioner guilty of first degree murder, and the court sentenced him to life imprisonment without the possibility of parole for 25 years.[1] After exhausting his state remedies, Petitioner petitioned the district court for a writ of habeas corpus. His petition presented, among other claims, that the performances of his trial and appellate attorneys were ineffective under the Sixth and Fourteenth Amendments. The district court denied the writ. Petitioner thereafter filed a notice of appeal, and we issued a certificate of appeal limited to one issue: "[w]hether . . . appellate counsel was ineffective for failing to argue that the trial court erred in refusing to allow a special jury instruction with regard to the heat of passion defense."

Petitioner contends that, given the facts of his case, appellate counsel's failure to appeal the trial court's denial of special "heat of passion" instructions

_____

[1] This was Petitioner's third trial on the charge of murdering his ex-wife's lover, whom Petitioner found in his ex-wife's mobile-home bed. The first trial resulted in a verdict of guilty. On appeal, the district court of appeal affirmed. Hargrove v. State, 569 So.2d 449 (Fla. 2d DCA 1990)(table). The trial court, in a collateral proceeding under Fla. R. Crim. P. 3.850, thereafter granted Petitioner a new trial. His second trial ended in a mistrial. The third trial resulted in a guilty verdict. On appeal, the district court of appeal affirmed without opinion. Hargrove v. State, 754 So.2d 35 (Fla. 2d DCA 1999)(table). Petitioner thereafter petitioned that court for a writ of habeas corpus on the ground that his appellate counsel had rendered ineffective assistance in failing to challenge on direct appeal the trial court's refusal to instruct the jury on his "heat of passion" defense on appeal. The court denied the petition without opinion. Hargrove v. State, 790 So.2d 416 (Fla. 2d DCA 2001) (table).

was objectively unreasonable under Florida law; consequently, he was denied effective assistance of counsel in the appeal of his conviction.

We review a district court's denial of a § 2254 habeas petition de novo. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), cert. denied, 126 S.Ct. 1828 (2006). We use the same standard in reviewing the denial of an ineffective assistance of counsel claim, which presents a mixed question of law and fact. Dobbs v. Turpin, 142 F.3d 1383, 1386 (11th Cir. 1998).

> Section 2254 states that:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A state court's decision is "contrary to" clearly established federal law if it either (1) contradicts a rule established by the Supreme Court, or (2) contradicts the holding of a Supreme Court case in which materially indistinguishable facts were presented. Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006). A state court's decision is an "unreasonable application" of

3

federal law if it "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id.

We have rejected the argument that a state court must explain its rationale in order for a claim to have been "adjudicated on the merits," holding that a claim is entitled to deference under § 2254(d) provided that the issue was raised and the court rendered a decision that was not contrary to or an unreasonable application of federal law.  See Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1254-55 (11th Cir. 2002).  Moreover, although whether appellate counsel was constitutionally ineffective is a question of federal law, when the answer to the question turns on whether counsel should have raised issues of state law (in the instant case, on appeal), § 2254(d) requires that we defer to the state court's decision regarding its own laws.  Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (superceded by statute on other grounds).

To establish that counsel was constitutionally ineffective, a petitioner must demonstrate that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the petitioner.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  Our review of an attorney's performance is highly deferential; thus, to show that counsel performed deficiently, the petitioner must meet the "heavy burden" of demonstrating that "no competent

counsel would have taken the action that his counsel did take." Obsorne, 466 F.3d at 1305-06 (internal quotation and citation omitted).

The Supreme Court has recognized that, to be effective, appellate counsel need not argue every non-frivolous ground for appeal, but may "select among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756, 781-82 (11th Cir. 2000). Furthermore, the practice of "winnowing out" weaker arguments on appeal, so to focus on those that are more likely to prevail, is the "hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434, 445 (1986). For the prejudice inquiry, we must determine whether there was a reasonable probability of a different result in the appeal, as opposed to a different result at trial following remand. Clark v. Crosby, 335 F.3d 1303, 1312 n.9 (11th Cir. 2003).

The state court's decision – that Petitioner was not denied the effective assistance of appellate counsel – resolved a question of what jury instructions were proper under state law. Since Petitioner has not shown that that decision was otherwise contrary to, or an unreasonable application of, relevant Supreme Court precedent governing claims of ineffective assistance of counsel, we must affirm the district court's denial of the writ.

**AFFIRMED.**

5